UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STUART BROOKS** | **CIVIL ACTION NO. 6:11-cv-1272** |
|     **LA. DOC #394185** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN ROBERT HENDERSON** | **MAGISTRATE JUDGE HILL** |

<u>**MEMORANDUM ORDER**</u>

*Pro se* petitioner Stuart Brooks, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on July 5, 2011. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana. Petitioner attacks his 1998 armed robbery conviction, entered in the Twenty-Seventh Judicial District Court for St. Landry Parish, for which he is serving a twenty year sentence.

On July 16, 1998, petitioner was found guilty of armed robbery following a trial by jury.  On July 24, 1998, petitioner was sentenced to serve 20 years imprisonment.

On October 13, 1999, the Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and sentence on direct appeal.  *State of Louisiana v. Stuart Brooks*, 1999-0292, 752 So.2d 989  (La. App. 3 Cir. 1999) (unpublished).  On June 2, 2000, the Louisiana Supreme Court denied petitioner's request for discretionary review without comment. *State of Louisiana v. Stuart Brooks,* 1999-KO-3636, 763 So.2d 595 (La. 1999).

Thereafter, petitioner apparently filed an application for post-conviction relief in the Twenty-Seventh Judicial District Court.  The application was ultimately denied by the Louisiana Supreme without comment on March 8, 2002.   *State of Louisiana ex rel. Stuart Brooks v. State of Louisiana*, 2001-KH-1834, 810 So.2d 1162 (La. 2002).

Petitioner alleges that he filed a second application for post-conviction relief in the Twenty-Seventh Judicial District Court on November 24, 2008 based on "newly discovered evidence", namely, that State's witnesses were coerced into giving false testimony and prosecutorial misconduct for the use of this allegedly false testimony. Following an evidentiary hearing on September 24, 2009, the trial court denied relief. Petitioner's subsequent writ applications were denied by the Louisiana Third Circuit Court of Appeal and then by the Louisiana Supreme Court on May 27, 2011. *State of Louisiana ex rel. Stuart Brooks v. State of Louisiana*, 2010-OK-1161, 64 So.3d 204 (La. 2011).

Petitioner signed his federal *habeas* petition on June 29, 2011, and it was received and filed by the Clerk of this Court on July 5, 2011. Petitioner asserts here the same two claims allegedly raised in his second application for post-conviction relief, that is, that the State's witness Kendall Milton was coerced into testifying falsely by Officer Jeff Lemelle and that the prosecutor knowingly used this false testimony at trial.

Milton apparently testified at trial in accordance with his written statement in which he, Milton, apparently accused petitioner of having committed the charged offense. At the September 24, 2009 hearing, Milton recanted his trial testimony, testifying that

when he prepared his written statement, he, Milton, was "coached" by Officer Lemelle. Officer Lemelle also testified at the hearing. The trial court apparently found Lemelle's testimony more credible than that given by Milton as petitioner argues "that the testimony of the officer was given great weight. However, the testimony of the witness [Milton] was not even considered as being credible, and was basically dismissed."

In support of his argument, he notes that at the hearing Lemelle admitted that at the time of trial he, Lemelle, was under investigation for receiving stolen items from a burglary, though he was later found not guilty of the offense. Accordingly, petitioner argues that "for the court to dismiss his [Milton's] testimony with less than a passing note . . violated Brooks' right to Due Process."

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[1] whether

---

[1] It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson,* 157 F.3d 384,387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1) "An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State . . . ."

the petition is time-barred by the provisions of 28 U.S.C. § 2244(d);[2] and, whether any of the claims raised are subject to the procedural default doctrine.[3]

In light of the above, it is clear that the instant petition has been filed well over one year from the date petitioner's conviction became final. In the Louisiana state courts, petitioner apparently asserted that his claims were timely under article 930.8 as they were based on facts not known to him or his attorney. In this court he likewise asserts that his petition is timely as it "is based upon newly discovered evidence of the State's witness." Petitioner thus apparently argues that his petition is timely under 28 U.S.C. §2244(d)(1)(D) which provides that the federal one year limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have

---

[2] "A 1-year period of limitation shall apply to an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of - - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . "

\* \* \*

The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."

[3] Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson,* 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999).

Should the procedural default doctrine be applicable, this court may refuse to review petitioner's claims unless petitioner demonstrates either that the procedural default doctrine is not applicable in this proceeding, that he should be excused from application of the procedural default doctrine by showing cause and prejudice for the default, or that miscarriage of justice will result from the denial of federal *habeas* review. *See Finley*, 243 F.3d at 220-221; *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454 (1991); *Moore v. Roberts,* 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland,* 518 U.S. 152, 116 S.Ct. 2074 (1996); *Sones*, 61 F.3d at 416.

been discovered through the exercise of due diligence." Petitioner further suggests that he is entitled to equitable tolling.

Based on the pleadings thus filed by petitioner, it is impossible to determine whether the petition has been timely filed and should survive initial review.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within thirty (30) days of this order and provide the following:

1. A memorandum setting forth the date petitioner's first application for post-conviction relief was filed, the claims raised therein, the disposition of each claim and the dates that the District Court and Louisiana Third Circuit Court of Appeals rendered its decision on each claim;

2. A **DATED** copy of petitioner's second Application for Post-Conviction Relief allegedly filed on November 24, 2008, a complete copy of the transcript of the evidentiary hearing held on September 24, 2009, and a copy of the trial court's judgment and reasons for judgment denying post-conviction relief;

3. A copies of the writ application filed by petitioner in the Louisiana Third Circuit Court of Appeals seeking review of the denial of petitioner's second application for post-conviction relief.

4. A copy of the Louisiana Third Circuit Court of Appeals judgment denying writs in connection with petitioner's second application for post-conviction relief;

5. A copy of the writ application filed by petitioner in the Louisiana Supreme Court under Docket Number 2010-OK-1161 in connection with petitioner's second application for post-conviction relief;

6. A memorandum setting forth with specificity the nature of the evidence petitioner claims is "newly discovered," the date petitioner claims to have discovered this evidence, as well as the circumstances surrounding that discovery, and any argument or explanation as to why petitioner did not, or could not, have discovered this evidence at some earlier date with the exercise of due diligence. Petitioner may also present any additional facts or argument in support of equitable tolling.

Signed in Chambers, Lafayette, Louisiana, on October 3, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE